-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARLOS GARCIA, A38 505 829,

    Petitioner,

    -v-

DEPARTMENT OF HOMELAND SECURITY,

    Respondent.

**DECISION and ORDER**
04-CV-949S

---

1.    On November 29, 2004, Petitioner Carlos Garcia filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging a final order of removal issued by an Immigration Judge in November of 2003. (Docket No. 1). Petitioner was granted a stay of removal pending determination of the petition in this Court. (Docket No. 3).

2.    On June 1, 2005, this matter was transferred to the United States Court of Appeals for the Second Circuit pursuant to § 106(c) of the REAL ID Act, Pub.L. 109-13, 119 Stat. 231, Division B, Section 106, codified at 8 U.S.C. § 1252, inasmuch as the petition for habeas corpus relief challenged a final order of removal. (Docket No. 11). The stay of removal entered by this Court remained in place pending further notice from the Second Circuit.

3.    On June 9, 2005, upon transfer, the Second Circuit docketed the instant petition as a "Petition for Review" of a final agency order, *see* 8 U.S.C. § 1252(a)(5),[1] and

---

[1] 8 U.S.C. § 1252(a)(5) provides:

(5) Exclusive means of review

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241

directed the respondent to file the administrative record and to respond to the petition. (Court of Appeals Docket No. 05-2818-ag, ("CA Docket"), Docket Nos. 1-2).

4.     On April June 9, 2006, Petitioner filed a motion for release on bond (CA Docket No. 9), and on May 23, 2006, he filed motions for counsel, transfer to another detention facility and change of venue. (CA Docket No. 6). He also filed two other motions for counsel. (CA Docket No. 5, 7).

5.     On September 28, 2006, the Second Circuit issued an Order granting Petitioner's motion for a stay of removal and denying Petitioner's motions for appointment of counsel, an extension of time, default judgment and petition for a writ of mandamus. (CA Docket No. 14). The Second Circuit further ordered that Petitioner's motion for release on bond, transfer and change of venue "are TRANSFERRED to [this Court], where further proceedings shall be held regarding Garcia's claim that he is a national [based on a claim of derivative citizenship]. 8 U.S.C. § 1252(b)(5)(B)."[2]  (CA Docket No. 14).[3]

---

of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

[2] 8 U.S.C. § 1252(b)(5) provides in relevant part:

(5) Treatment of nationality claims

(A) Court determination if no issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

6.      The Second Circuit's Mandate was issued on December 18, 2006, and filed on the docket on February 16, 2007.  (Docket No. 12).

7.      On April 5, 2007, Petitioner filed a Motion to Lift the Stay of Removal and for Discovery.  (Docket No. 13).

IT HEREBY IS ORDERED, that on or before May 18, 2007, Respondent shall file a response to Petitioner's claim to derivative citizenship and his motions for bond (CA Docket No. 9), transfer and change of venue (CA Docket No. 6), and to lift the stay of removal and for discovery (Docket No. 13).

FURTHER, that on or before June 18, 2007, Petitioner shall file with the Clerk of the Court and serve a written response to Respondent's submission.

FURTHER, that the Clerk of Court shall serve copies of the Court of Appeals' certified copies of Petitioner's motion for release on bond, transfer and change of venue, and motions for appointment of counsel of April, May and June 2006 that were forwarded to this Court on November 30, 2006, together with a copy of this order, upon Respondent's

---

(B) Transfer if issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, *the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.*

(Emphasis added).

[3]The initial petition in this matter alleged that Petitioner was a United States citizen which status he had "derived from [his] U.S. citizen father," pursuant to INA Section 321(a)(3). (Docket No. 1, Petition, ¶ 2a). Petitioner claims that his father was naturalized on April 20, 1996, and that he was in his father's legal and physical custody when his father was naturalized. (*Id.*)

3

counsel of record, Mary Pat Fleming, Assistant United States Attorney, Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202.

    SO ORDERED.

Dated:      April 10, 2007
              Buffalo, New York

                                               /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                    United States District Judge